**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10459 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00922-CKJ-JCG-1 |
| v. | |
| JOSE M. LOPEZ, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted May 15, 2012
San Francisco, California

Before: THOMAS, McKEOWN, and W. FLETCHER, Circuit Judges.

Jose Lopez appeals his conviction of one count of stealing public money, in

violation of 18 U.S.C. § 641, and twenty-six counts of making material false

statements with respect to matters within the jurisdiction of the Department of

Homeland Security ("DHS"), in violation of 18 U.S.C. § 1001(a). We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. § 1291. Lopez raises three arguments. We address each in turn and affirm.

We review de novo Lopez's sufficiency of the evidence claim as to his false statements charge. *See United States v. Jiang*, 476 F.3d 1026, 1029 (9th Cir. 2007). Common sense dictates that the Interim Transmittal Form unambiguously asks the cashier to account for the net receipts of cash in exchange for permits. This notion is further supported by the testimony of Lopez's supervisors that they relied on the forms to provide a true accounting of the money a cashier received from permit sales. *See United States v. Culliton*, 328 F.3d 1074, 1079 (9th Cir. 2003) ("[W]e must consider the context of the question . . . as well as other extrinsic evidence relevant to [defendant's] understanding of the questions posed."). Viewing the evidence in the light most favorable to the government, a rational juror could have found the elements of the false statements charge beyond a reasonable doubt. *See United States v. Bennet*, 621 F.3d 1131, 1135 (9th Cir. 2010).

We review for abuse of discretion the district court's determination that the prejudicial effect of Lopez's false exculpatory statements did not substantially outweigh its probative value. *See United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005). Lopez's false exculpatory statements to the DHS

2

agents "were probative of his consciousness that his conduct was illegal." *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992). Affording "substantial deference" to the district court's Rule 403 ruling, we conclude that the ruling does not "lie[] beyond the pale of reasonable justification under the circumstances." *United States v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011) (citation omitted).

We review de novo the voluntariness of a confession, *United States v. Crawford*, 372 F.3d 1048, 1053 (9th Cir. 2004) (en banc), and determine that Lopez's confession was voluntary. The DHS agents clearly indicated to Lopez that they were interviewing him in their law enforcement capacity, and made no threats or promises to coerce his cooperation. Nothing distinguishes Lopez's interrogation from any other police custody situation or suggests that his will was overborne. *See United States v. Heller*, 551 F.3d 1108, 1112 (9th Cir. 2009).

**AFFIRMED.**

*USA v. Lopez*, No. 10-10459

W. FLETCHER, Circuit Judge, dissenting:

I concur with the panel's holdings with regard to the exculpatory statements and voluntary confession. I respectfully disagree, however, that there is sufficient evidence to uphold Lopez's convictions for false statements. The Interim Transmittal Form asked the cashier to record the amount of cash in the cashbox at the end of the cashier's shift. Lopez did this. The numbers he reported on the Form accurately reflected the amount of money in the cashbox at the end of his shift. The fact that he had skimmed some of the cash and the number was therefore lower than it otherwise would have been does not affect the fact that he truthfully filled out the form.